UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JON STRAUB and
KRIS STRAUB,

    Plaintiffs,

vs.

M&I BANK FSB,
HSBC MORTGAGE SERVICES, INC. and
HOMECOMINGS FINANCIAL, LLC,

    Defendants.
_____/

Civil Action No.
09-CV-13414

HON. BERNARD A. FRIEDMAN

## OPINION AND ORDER GRANTING IN PART THE MOTIONS OF DEFENDANTS HOMECOMINGS FINANCIAL, LLC AND M&I BANK FSB TO DISMISS

This matter is presently before the court on (1) the motion of defendant Homecomings Financial, LLC ("Homecomings") to dismiss [docket entry 6], and (2) the motion of defendant M & I Bank FSB ("M & I") to dismiss [docket entry 7]. Plaintiff has responded to both motions and both defendants have filed reply briefs. Pursuant to E.D. Mich. LR 7.1(e)(2), the court shall decide these motions without oral argument.

Plaintiffs allege that in November 2006 they refinanced their house with M & I, "obtain[ing] a senior loan in the amount of $220,000.00 and a junior loan in the amount of $55,000.00." Compl. ¶ 10. Plaintiffs allege "[t]he loan was improper and resulted from Defendants' violations of state and federal law" in that (a) the loan application overstated plaintiffs' monthly gross income, (b) "[t]his loan caused Plaintiff[s] to incur an additional $2,391.77 in debt per month," thereby causing them to "expend[] over fifty (50%) percent of their gross monthly income paying debt," and (c) despite defendants' assurances, plaintiffs "enter[ed] into a loan for property that was

not actually worth the amount represented to Plaintiffs." *Id.* ¶¶ 12, 13-14, 16-17, 18, 23-24.

Plaintiffs assert four claims based on state law and the following two claims based on federal law: violation of the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639 (Count I), and violation of the Fair Credit Reporting Act ("FCRA") (Count V). Defendant Homecomings, with the consent of co-defendants M & I and HSBC Mortgage Services, Inc., removed the case from state court based on the presence of these federal claims.

In the motion now before the court, defendants seek dismissal of the complaint pursuant to Fed. R. Civ. P. 12(b)(6). In deciding such a motion, the court

> must construe the complaint in the light most favorable to Plaintiff, accept all well-pleaded factual allegations as true, and determine whether Plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle it to relief. . . . Yet, to survive a motion to dismiss, the complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.* While the factual allegations in the complaint need not be detailed, they "must be enough to raise a right to relief above the speculative level"-they must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U. S. 544, 127 S. Ct. 1955, 1965, 167 L.Ed.2d 929 (2007); *see also Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

*Taylor Acquisitions, L.L.C. v. City of Taylor*, 313 Fed.Appx. 826, at *3 (6th Cir. 2009).

Defendants argue that plaintiffs' HOEPA claim is time-barred. This claim is based on the following allegations in the complaint:

> 27. Plaintiffs incorporate all previous allegations by reference as if fully restated herein.
>
> 28. Defendants have violated 15 USC § 1639(h) which provides that:
>
>> A creditor shall not engage in a pattern or practice of

> extending credit to consumers under mortgages referred to in section 1602(aa) of this title based on the consumers' collateral without regard to the consumers' repayment ability, including the consumers' current and expected income, current obligations, and employment.
>
> 29. By extending credit to Plaintiffs without regard to their ability to repay the debt, Defendants have violated 15 USC § 1639(h).
>
> 30. As a result, Plaintiffs have suffered damages.
>
> 31. Plaintiffs hereby invoke their right to rescind the transactions at issue in this litigation.

Defendants note that this claim is subject to the limitations period prescribed by 15 U.S.C. § 1640(e), which permits an action to be brought "within one year from the date of the occurrence of the violation." In the present case, the alleged violation was that defendants "extend[ed] credit to Plaintiffs without regard to their ability to repay the debt," presumably by overstating their income and the value of the property they were refinancing. The one-year limitations period begins to run upon consummation of the transaction, which in this context means the closing of the loan. *See Monaco v. Bear Stearns Residential Mortgage Corp.*, 554 F. Supp.2d 1034, 1039 (D. Colo. 2008); *Tucker v. Beneficial Mortgage Co.*, 437 F. Supp.2d 584, 589-90 (E.D. Va. 2006). In the present case, the complaint alleges that the loan was closed in November 2006.[1] Plaintiffs filed the instant complaint in Washtenaw County Circuit Court on July 30, 2009, approximately two years and nine months later, or approximately one year and nine months after the limitations period expired.

In response, plaintiffs argue that the limitations period either has not run or is subject

---

[1] According to the loan documents attached to defendants' summary judgment motions, the exact date of the closing appears to be November 6, 2006.

to equitable tolling. Clearly, the one-year limitation did expire before plaintiffs commenced suit. In support of their alternative argument, plaintiffs suggest that the court should not rule on the issue of equitable tolling until after they have conducted some discovery. Plaintiffs assert that "Defendants induced [them] into obtaining the loan by fraudulently misrepresenting the terms, property value, and Plaintiffs' ability to refinance the loans . . ."

Plaintiffs overlook the fact that "the fraudulent act(s) that provide the factual predicate for the claim, i.e. inaccurate loan documents, cannot also satisfy the factual predicate justifying equitable tolling." *In re Cmty. Bank of N. Va.*, 467 F. Supp.2d 466, 479 (W.D. Pa. 2006). *Accord Jones v. Saxon Mortgage, Inc.*, 980 F. Supp. 842, 846 (E.D. Va. 1997). In the present case, plaintiffs impermissibly rely on the same alleged misrepresentations to support their equitable tolling argument as they do to support the HOEPA claim itself. Moreover, equitable tolling applies in a case such as this only if "plaintiff demonstrates that: '(1) the defendant took affirmative steps to conceal the plaintiff's cause of action; and (2) the plaintiff could not have discovered the cause of action despite exercising due diligence.'" *Mills v. EquiCredit Corp.*, 294 F. Supp.2d 903, 908 (E.D. Mich. 2003) (*quoting Jarrett v. Kassel*, 972 F.2d 1415, 1423 (6th Cir.1992)). Plaintiffs neither allege nor offer facts to suggest that defendants took any steps to conceal plaintiffs' cause(s) of action or that plaintiffs could not have discovered the cause(s) of action themselves through the exercise of due diligence. To the contrary, plaintiffs base this claim largely on their *own statement* regarding their income – a statement they themselves certified, by signing the loan application, to be "true and correct." To the extent plaintiffs' claim is based on defendants' alleged inflation of their property's value, they have likewise failed to allege or show that defendants concealed the cause of action or that plaintiffs could not have discovered the actual value of their property through

the exercise of due diligence by, for example, hiring another appraiser or taking the simple step of using one or more of the many free on-line home appraisal services.[2] The court concludes that plaintiffs' HOEPA claim is time-barred and shall dismiss it on this basis.

Plaintiffs' other federal claim, under the FCRA, is based on the following allegations in the complaint:

> 54. Plaintiffs incorporate all previous allegations by reference as if fully restated herein.
>
> 55. Defendants committed fraud against Plaintiffs in order to induce them into entering into the above-described transactions.
>
> 56. Defendants' fraud has ruined Plaintiffs financially.
>
> 57. It is because of Defendants' fraud that Plaintiffs cannot make their monthly mortgage loan payments.
>
> 58. As a result, it is patently untrue that Plaintiffs defaulted on a bona fide financial obligation to Defendants.
>
> 59. Upon information and belief, Defendants have made or will make derogatory reports on Plaintiffs' credit reports that are patently untrue.
>
> 60. As a result, Plaintiffs have suffered or will suffer damage to their good name, fame and reputation in the community.
>
> 61. Plaintiffs also suffered or will suffer damage to their credit rating.

Defendants note that, as furnishers of credit information, they are liable under the

---

[2] Plaintiffs' citation to such cases as *Foster v. EquiCredit Corp.*, 2001 WL 177188 (E.D. Pa. Jan. 26, 2001), is inapposite. In that case, the court found that the one-year limitations period of § 1640(e) was equitably tolled based on alleged misconduct committed by defendant after the closing. The court apparently believed "actively mislead the plaintiff respecting the plaintiff's cause of action." *Id.* at *2. No such post-closing misleading statements are alleged in the present case. In fact, plaintiffs do not allege that defendants took any action to conceal any of the alleged misstatements or omissions.

5

FCRA only if they fail to take statutorily required action (i.e., to investigate and correct errors) after being notified of a consumer dispute by a credit reporting agency, and the complaint makes no such allegation. *See* 15 U.S.C. § 1681s-2(b). As plaintiffs have not responded to this argument – and in fact do not even mention their FCRA claim in their response briefs – the court assumes they concede this point. The court shall dismiss this claim on this basis.

Plaintiffs have likewise abandoned their claims for predatory lending (Count II) and under the Mortgage Brokers, Lenders, and Servicers Licensing Act ("MBLSLA"), Mich. Comp. Laws §§ 445.1651, *et seq.* (Count VI). Defendants correctly note that "predatory lending" is not a recognized cause of action under Michigan law and that defendant M & I, the originator of the loans at issue in this case, is exempt from the MBLSLA. As plaintiffs do not respond to these arguments, these claims are deemed abandoned and the court shall dismiss them for the reasons suggested by defendants.

For the reasons stated above, the court shall dismiss plaintiffs' claims under HOEPA and FCRA (Counts I and V). The court shall also dismiss plaintiffs' claims for predatory lending and under MBLSLA (Counts II and VI) because plaintiffs have abandoned them. This leaves only plaintiffs' misrepresentation claims (Counts III and IV). When, as in the present case, "the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). *Accord Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999); *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 233 (6th Cir. 1997). Accordingly,

IT IS ORDERED that the motions of defendants M & I and Homecomings to dismiss

the complaint [docket entries 6 and 7] are granted as to Counts I, II, V and VI.  The dismissal of these claims is with prejudice.

IT IS FURTHER ORDERED that plaintiffs' remaining claims (Count III and IV), as against defendants M & I and Homecomings, are remanded to the Circuit Court for the County of Washtenaw, State of Michigan.

                                        S/Bernard A. Friedman  
                                        Bernard A. Friedman  
                                        United States District Judge

Dated:  October 23, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 23, 2009, by electronic and/or ordinary mail.

                                        S/Carol Mullins  
                                        Case Manager